**STATE of Iowa, Appellee,**

v.

**Gregory E. JORDAN, Appellant.**

No. 86–307.

Supreme Court of Iowa.

July 22, 1987.

Charles L. Harrington, Appellate Defender, and Michael J. Laughlin, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., James Metcalf, Co. Atty., and Jeffrey Goodman, Asst. Co. Atty., for appellee.

Considered by McGIVERIN, P.J., and SCHULTZ, CARTER, WOLLE, and NEUMAN, JJ.

WOLLE, Judge.

Defendant Gregory E. Jordan, convicted of second-degree robbery, contends the evidence did not satisfy the elements of that crime. *See* Iowa Code §§ 711.1, .3 (1985). We transferred this single-issue case to the court of appeals, and it reversed the conviction in a two-to-one panel decision. We have granted the State's request for further review, *see* Iowa R.App.P. 402, and we now vacate the decision of the court of appeals and affirm the judgment of conviction and indeterminate ten-year sentence entered by the trial court.

When a criminal defendant challenges the sufficiency of evidence to support a conviction, we review all of the evidence in the record in a light most favorable to the State. *State v. Neal*, 353 N.W.2d 83, 89 (Iowa 1984). The jury's verdict is binding on us if supported by substantial evidence, together with all legitimate inferences arising reasonably and fairly from the evidence. Iowa R.App.P. 14(f)(1). Substantial evidence is evidence

that could convince a rational trier of fact that the defendant is guilty of the charged crime beyond a reasonable doubt. *State v. Hoffer,* 383 N.W.2d 543, 545 (Iowa 1986); *State v. Mulder,* 313 N.W.2d 885, 888 (Iowa 1981), *cert. denied,* 459 U.S. 841, 103 S.Ct. 90, 74 L.Ed.2d 83 (1982).

The scene of the charged crime was a shopping mall in Waterloo enclosing two separate department stores. A jury could have found from this record that on August 18, 1985, a plain-clothes woman security investigator on duty in one of the department stores saw defendant pocket jewelry displayed there and leave without paying for it. The investigator tailed defendant as he exited the store, watching him immediately descend by escalator to the lower level of the shopping mall. The investigator remained on the mall's second level and from there observed defendant from above as he entered a two-level department store adjacent to the store from which the jewelry was stolen. She too entered that store, then took its escalator to the lower level where she again caught up with the defendant.

Because defendant was much bigger than she, the investigator did not confront him on her own. Instead, she left the store in search of back-up help. She located a uniformed security guard on the mall's upper level, and together they ran back to the store and took the escalator to the lower level. From there, the investigator pointed out the defendant, who was browsing in the sporting goods department.

She approached him, identified herself, and stated her belief that he carried property that did not belong to him. When defendant denied her allegation, the uniformed guard stepped in and asked defendant to return with them to the store from which the jewelry was taken. Initial efforts to persuade defendant to go with them were unsuccessful. After a third security guard arrived, the officers attempted to escort defendant back to the store. Defendant lunged at them, a scuffle ensued, and defendant was arrested and charged with robbery.

■ Defendant focuses this appeal on his contention that the record does not satisfy the elements of robbery because his assaultive behavior was neither contemporaneous with the taking of the jewelry nor close enough in time to assist his escape from the theft scene. He urges that at most he committed two separate crimes—a relatively minor theft of personal property and an entirely separate assault.

### I. *Statutory Elements of Robbery.*

At common law thieves were not guilty of robbery when they employed violence or threatened violence to effect an escape from a crime scene; the force requisite for robbery was required either to precede or accompany the taking. W. La Fave & A. Scott, Jr., *Criminal Law* 698 (1972); K. Dunahoo, *The New Iowa Criminal Code,* 29 Drake L.Rev. 237, 394 (1980). Defendant contends that as a matter of law his escape from the crime scene was completed by the time his assault on the security guards occurred. He cites cases from other jurisdictions reiterating the common-law rule that force or intimidation used merely as a means of escape does not supply the element of force essential to a robbery conviction. *See Root v. State,* 247 Ala. 514, 514, 25 So.2d 182, 182 (1946); *State v. Vandament,* 299 S.W.2d 532, 534 (Mo. 1957); *Hood v. State,* 80 Okl.Cr. 175, 182, 157 P.2d 918, 921 (1945).

Defendant's reliance on common-law principles governing the crime of robbery is misplaced. The controlling statute, Iowa Code section 711.1, is much less restrictive than the common-law definition of robbery. Our statute provides:

A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts *to assist or further* the commission of the intended theft or *the person's escape from the scene thereof* with or without the stolen property:

1. Commits an assault upon another.

2. Threatens another with or purposely puts another in fear of immediate serious injury.

3. Threatens to commit immediately any forcible felony....

Iowa Code § 711.1 (1985) (emphasis added). In enacting this statute the Iowa Legislature has proscribed conduct which would not have constituted robbery at common law. *State v. Pierce,* 287 N.W.2d 570, 573–74 (Iowa 1980). Without question the statute expands the time span in which the required assault or threat of physical violence can occur. Explicitly included within this statutory definition of robbery is an assault committed after a theft has been completed but which furthered the offender's escape.

A number of other jurisdictions have eschewed the common-law definition in favor of a less restrictive force requirement for robbery. *See, e.g., Wilson v. State,* 262 Ark. 339, 340, 556 S.W.2d 657, 658 (1977) (applying expanded robbery statute); *People v. Estes,* 147 Cal.App.3d 23, 28, 194 Cal.Rptr. 909, 912 (1983) (extending definition of robbery by judicial interpretation); *Lightner v. State,* 535 S.W.2d 176, 177 (Tex.Crim.App.1976) (applying expanded robbery statute). *See generally* 67 Am. Jur.2d *Robbery* § 28, at 82–84 (1985); Annotation, *Use of Force or Intimidation in Retaining Property or in Attempting to Escape, Rather than in Taking Property, as Element of Robbery,* 93 A.L.R.3d 643 (1979).

Defendant's conviction must be upheld if substantial evidence satisfied the elements of the Iowa robbery statute, Iowa Code section 711.1.

## II. *Evidence Supporting the Conviction.*

We turn to the question whether evidence in this record supports each element of robbery as defined in section 711.1. Whether defendant's assaultive conduct assisted his escape or was post-escape activity would ordinarily be an issue of fact for the jury. We conclude that issue was for the jury in this case. Reasonable jurors could have found that defendant was in the process of escaping when he was confronted by the security personnel, then attempted to break free.

The court of appeals majority reversed defendant's conviction on the stated reason that "the defendant was not immediately and uninterruptedly pursued and he had stopped his escape." Substantial evidence supports the jurors' contrary findings on those disputed questions of fact. The investigator gave the following pertinent testimony in describing her initial surveillance of defendant:

Q. From where the jewelry was taken, how far do you suppose, then, is it to the front door of the store? A. I'd say 25 to 30 feet.

Q. Okay. And did you follow him? A. Yes, I did.

Q. Okay. Where did he go once outside the store? A. He went directly—he went left and directly to the down escalator.

Q. Okay. And did you see him once he went down the escalator? A. Yes. I followed him and I was probably 25 to 30 feet behind him.

Q. Okay. At any time did the defendant turn around and look at you? A. Yes, through the whole incident he did.

Q. More than once? A. Yes.

Q. Okay. Was it a constant looking back or, I mean, was it obvious that he was looking back and making eye contact with you? A. Yes.

Q. So it was evident to you that he knew you were behind him? A. Yes.

She then testified she passed by defendant at a distance of only five to ten feet before running for additional help. Given the proximity in time (minutes) and place (an adjacent store in the same shopping mall), we cannot fault as a matter of law the jury's conclusion that defendant was still in the process of escaping when he was stopped, questioned, and then apprehended after a scuffle.

Issues of fact, including questions of witness credibility, are of course matters reserved for jury determination. *State v. Blair,* 347 N.W.2d 416, 420 (Iowa 1984). We vacate the decision of the court of appeals and affirm the judgment of conviction and sentence entered by the trial court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.