**STATE of Iowa, Appellee,**

v.

**Robert Maurice TERRY, Appellant.**

**No. 94–1749.**

Supreme Court of Iowa.

Feb. 14, 1996.

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas G. Fisher, Jr., and Angelina Smith, Assistant Attorneys General, John P. Sarcone, County Attorney, and Karen Romano and James Ward, Assistant County Attorneys, for appellee.

Considered by MCGIVERIN, C.J., and CARTER, NEUMAN, SNELL, and TERNUS, JJ.

TERNUS, Justice.

Appellant, Robert Terry, shoplifted a fishing reel. He later assaulted a store employee who had pursued him from the store. A jury found Terry guilty of first-degree robbery. *See* Iowa Code §§ 711.1, .2 (1993). Terry claims the evidence is insufficient to support his conviction because the assault did not "assist or further [his] escape from the scene" of the theft as required by Iowa's robbery statute. *See id.* § 711.1. He also argues his trial counsel was ineffective for failing to request an instruction that would have defined an escape as complete when a reasonable pursuer would cease pursuit. We reject both claims and therefore, affirm.

I. *Background Facts and Proceedings.*

In considering Terry's challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State. *See State v. Jordan,* 409 N.W.2d 184, 184 (Iowa 1987). Viewing the record in this manner, we think the jury could have found the following facts.

Terry stole a $43 fishing reel from Wal–Mart and then ran from the store. Despite a heavy rainstorm, several store employees pursued him, including loss prevention officer Timothy Stoll.

Based on prior experience, Stoll thought Terry might hide in a nearby wooded area and then rendezvous with a car. Thus, Stoll ran toward the road to cut off Terry's escape. As he ran, someone grabbed him and pushed him down a hill.[1] Undaunted, Stoll continued his search for the thief. He talked with other employees combing the area, but no one had seen Terry. He also spoke briefly with a police officer who happened to drive by. Despite the continuing rain, Stoll re-

---

1. Stoll did not see who pushed him down the hill; Terry testified it was not him. Although it is possible that the jury could have believed Terry committed this assault, the State does not attempt to support the verdict upon this basis.

fused a ride from the officer because he wanted to search a nearby used car lot. This search revealed no clues to Terry's whereabouts.

After spending twenty to thirty minutes looking for Terry, Stoll decided to give up the search. As he walked toward the road to get a ride back to the store, however, he spotted Terry emerging from behind a parked car. Stoll walked over to Terry, identified himself, grabbed Terry's arm and asked Terry to return to the store. Terry pulled away and ran across the road and around the corner of a building. Stoll followed. As Stoll turned the corner, Terry hit him in the head with a tree limb and then ran. Stoll continued his search for Terry but, being unsuccessful, eventually returned to the Wal–Mart parking lot where he collapsed. The next day Stoll found the fishing reel tucked inside the bumper of the car from which he saw Terry emerge.

The State charged Terry with robbery in the first degree in violation of Iowa Code sections 711.1 and 711.2. Terry filed a motion to dismiss claiming he had already escaped from the scene when Stoll was assaulted with a tree limb; therefore, he argued, assault could not convert his theft into a robbery because it did not assist his escape. The district court denied Terry's motion and the case proceeded to trial.

Terry admitted at trial he stole the fishing reel and ran from the scene. He claimed he hid under the car while the employees searched for him because he was afraid he would be caught by his pursuers. Terry testified he waited twenty to thirty minutes and then thought it was safe to leave. That was when he saw Stoll, ran to the woods and hid for an additional twenty to thirty minutes. He claimed he never assaulted anyone. Nevertheless, the jury convicted Terry of first-degree robbery and the district court sentenced him to prison for a period not to exceed twenty-five years. *See* Iowa Code §§ 902.3, .9(1) (1993).

## II. *Scope of Review.*

■ In considering Terry's sufficiency-of-the-evidence claim, we examine the record to decide if substantial evidence, together with all reasonable inferences arising from the evidence, supports the jury's verdict. *See State v. Welch,* 507 N.W.2d 580, 583 (Iowa 1993). If the verdict is supported by substantial evidence, the verdict binds this court. *Id.;* Iowa R.App.P. 14(f)(I). Evidence that could convince a trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt is substantial evidence. *Jordan,* 409 N.W.2d at 185.

■ Terry's ineffective-assistance-of-counsel claim is based on his Sixth Amendment right to counsel. *See State v. Rice,* 543 N.W.2d 884, 888 (Iowa 1996). We review this constitutional claim de novo. *State v. Spurgeon,* 533 N.W.2d 218, 219 (Iowa 1995).

## III. *Sufficiency of the Evidence.*

■ The distinguishing characteristic of robbery is the force or intimidation employed to accomplish the crime. *See* 4 John L. Yeager & Ronald L. Carlson, *Iowa Practice: Criminal Law & Procedure* § 252, at 68 (1979) (robbery is "primarily concerned with the use of violence or the threat of violence as a means of accomplishing a theft"). At common law, robbery only existed if fear or force was used before or concurrently with the taking. *State v. Lewis,* 173 Iowa 643, 647, 154 N.W. 432, 433 (1915) (an assault to assist an escape or retain property is not a robbery); 4 William Blackstone, *Commentaries on the Laws of England* 242 (U.Chi.Press 1979) ("For if one privately steals sixpence from the person of another, and afterwards keeps it by putting him in fear, this is no robbery, for the fear is subsequent.").

In 1976, the Iowa legislature enacted a new criminal code that expanded the time frame in which the required assault or threat may occur to include the period of escape. Kermit L. Dunahoo, *The New Iowa Criminal Code,* 29 Drake L.Rev. 237, 394 (1979); *see* 1976 Iowa Acts ch. 1245, §§ 1101–04 (codified at Iowa Code § 711.1 (1993)); *see also State v. Grice,* 515 N.W.2d 20, 22 (Iowa 1994) (statutory definition of robbery is much less restrictive than common law); 4 Charles E. Torcia, *Wharton's Criminal Law* § 478, at 64 (1981) (highlighting Iowa's expansion of common law as shown by allowing assault to

occur during escape from the scene). Iowa Code section 711.1 sets out this expanded definition of robbery:

> A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts *to assist or further* the commission of the intended theft or *the person's escape from the scene thereof* with or without the stolen property:
>
> 1. Commits an assault upon another. . . .

Iowa Code § 711.1 (1993) (emphasis added).

We interpreted this statute in *State v. Jordan*, 409 N.W.2d 184 (Iowa 1987), a case involving a defendant who shoplifted jewelry from a store in a shopping mall. *Jordan*, 409 N.W.2d at 185. In *Jordan*, a store security employee followed the defendant into an adjacent store but did not confront him because the security guard feared for her safety. *Id.* The guard then located a uniformed security officer who accompanied her as she asked the defendant to return to the store. *Id.* A third security officer arrived and a scuffle followed. *Id.* The defendant was arrested and ultimately convicted of robbery. *Id.*

We upheld the robbery conviction over allegations the assault was not close enough in time to assist the defendant's escape. *Id.* at 186. We held whether an assault assisted the defendant's escape or occurred after the escape was complete is a question of fact for the jury. *Id.; accord People v. Pena*, 155 A.D.2d 310, 547 N.Y.S.2d 282, 285–86 (1989) (whether taking of radio and later assault were robbery was question for jury). Focusing on the evidence, we concluded it was sufficient to support the jury's conclusion that the defendant was still in the process of escaping when the scuffle occurred. *Jordan*, 409 N.W.2d at 186. We pointed to the short lapse of time between the theft and the assault as well as the defendant's physical proximity to the scene of the crime. *Id.*

Terry tries to distinguish *Jordan* on the ground that his alleged assault occurred some twenty to twenty-five minutes after the theft and some distance from the Wal–Mart property. Despite these factual differences, we think the jury was entirely warranted in finding that Terry's assault of Stoll with the tree branch furthered his escape from the scene of the crime.

■ We begin our analysis with a closer look at the meaning of section 711.1. As we previously observed, a theft becomes robbery when the defendant commits an assault "to assist or further . . . [the defendant's] escape from the scene [of the theft]." Because the legislature has failed to define these terms, we give them their ordinary meaning. *See State v. Jones*, 524 N.W.2d 172, 174 (Iowa 1994). The common definition of "assist" is "to give support or aid." Webster's Third New Int'l Dictionary 132 (1993). The word "further" is defined as "to help forward" or "promote." *Id.* at 924. "Escape" means "to get away (as by flight or conscious effort)." *Id.* at 774.

■ Thus, any assault which helps a defendant get away falls within the terms of the statute. There is nothing in the common meaning of the words used by the legislature that would support the imposition of rigid time or geographical limitations on when a defendant is still in the process of escaping. *Accord People v. Young*, 214 Cal.App.2d 641, 29 Cal.Rptr. 595, 599 (1963) (robbery not confined to fixed locus, but can be spread over considerable time and distance). Moreover, it is not determinative that Stoll had given up his search for the shoplifter before the assault occurred. The focus of the statute is not on the state of mind of the pursuer, but on the situation of the thief: Did the assault assist or further the thief's escape from the crime scene? In other words, the issue is not whether the pursuers thought the defendant had successfully escaped; the issue is whether in fact the defendant had completed his escape. As we said in *Jordan*, the resolution of that issue is for the jury.

We think the evidence here was sufficient to support the jury's finding that Terry's assault on Stoll supported or promoted his getting away from the scene of his crime. Stoll saw Terry as Terry emerged from the car under which he had been hiding from his pursuers. The jury could reasonably believe that Terry had not completed his escape when he was still cowering under an automobile. Nor was the jury required to find that

Terry had successfully escaped when he emerged from under the car: the facts support a contrary conclusion because it was at that point that Terry was immediately seen by Stoll and chased across the street. We cannot say the jury was wrong as a matter of law for concluding that Terry was still trying to escape when he assaulted Stoll with a tree branch. Clearly, the evidence could convince a rational trier of fact that this assault furthered Terry's escape. Therefore, the trial court correctly denied Terry's motion to dismiss.

### IV. *Ineffective Assistance of Counsel.*

■ Terry claims his trial counsel was ineffective for failing to request a jury instruction that defined "escape." To succeed with his claim of ineffective assistance of counsel, Terry must prove two elements. *See State v. Wissing*, 528 N.W.2d 561, 563 (Iowa 1995). First, he must show that his counsel failed to perform an essential duty. *Id.* at 563–64. Second, he must prove he was prejudiced by counsel's error. *Id.* We can affirm on appeal if either element is lacking. *Spurgeon*, 533 N.W.2d at 219. We reject Terry's ineffective-assistance-of-counsel claim because he suffered no prejudice.

■ Terry argues his trial counsel should have requested a definition of escape that would have instructed the jury on when an escape is complete. More specifically, he argues on appeal that an escape encompasses only those "steps or events in the process of escape which would fall within the active or continuous *reasonable* pursuit of the criminal actor." (Emphasis added.) This proposed instruction takes the novel approach of defining an escape as complete when a reasonable pursuer would forgo pursuit. Terry claims Stoll was unreasonable in his pursuit as a matter of law because (1) Terry no longer had the stolen property when Stoll chased him across the street, (2) Stoll placed himself in an unsafe position by continuing his pursuit of Terry, and (3) Stoll violated a store policy that employees should not pursue shoplifters beyond Wal–Mart property.

We reject Terry's proposed definition of a completed escape because it is not consistent with the letter or spirit of section 711.1. As we noted above, the common meaning of the language used in the statute requires that the fact finder focus on whether the defendant had already escaped when the assault occurred; it does not support an interpretation focusing on the reasonableness of the pursuer's conduct. Thus, the fact that a less tenacious employee may have abandoned his search for the shoplifter much sooner than did Stoll is not relevant under the statute. Nor does it matter that Stoll placed himself in a position of danger by chasing Terry. Similarly, it is immaterial that Stoll may have violated a company policy by pursuing Terry beyond the Wal–Mart property. None of these facts has anything to do with whether Terry's assault of Stoll assisted Terry in escaping.

We conclude that Terry was not prejudiced by his trial counsel's failure to request an instruction that set the boundaries of an escape by examining the reasonableness of the pursuit. The proposed instruction is not a correct interpretation of Iowa's robbery statute, and, consequently, it would have been error for the court to give the instruction even if defense counsel had requested it. Because Terry has failed to prove the prejudice element of his ineffective-assistance-of-counsel claim, we affirm his conviction and sentence on first-degree robbery.

**AFFIRMED.**