**Floyd William PATTEN, Applicant–Appellant,**

**v.**

**STATE of Iowa, Respondent–Appellee.**

No. 95–954.

Court of Appeals of Iowa.

June 27, 1996.

James A. Schall, Storm Lake, for appellant.

Thomas J. Miller, Attorney General, Angelina M. Smith, Assistant Attorney General, and Phil Havens, County Attorney, for appellee.

Considered by HABHAB, P.J., and CADY and HUITINK, JJ.

HABHAB, Presiding Judge.

Floyd Patten appeals from the denial of his application for postconviction relief. We affirm.

Patten was charged with indecent contact with a child, an aggravated misdemeanor, in violation of Iowa Code section 709.12 (1993). His trial was scheduled for November 15, 1994. On that date, Patten entered a written guilty plea. The trial court entered judgment and sentence on the same day accepting the plea, adjudging Patten guilty as charged, and sentencing him to a suspended two-year term with probation. Patten was not present for the entry of judgment and sentence.

Patten did not file a motion in arrest of judgment or a direct appeal. Four and one-

half months later he filed an application for postconviction relief alleging defects in the guilty plea procedure and arguing his emotional state had prevented him from understanding or comprehending the guilty plea. He sought to withdraw his guilty plea and be allowed to stand trial.

The district court concluded Patten's execution of the guilty plea constituted a rule 8(2) waiver and the signed instrument captioned "Guilty Plea and Waiver of Rights (Aggravated Misdemeanor)" thoroughly and completely set forth the procedures and rights being waived. In addition, the court concluded Patten's application failed on the merits as well as being procedurally improper. Postconviction relief was denied.

On appeal Patten argues: (1) the trial court record does not show the court made a purposeful waiver of the formal in-court plea proceedings; (2) he did not understand, and was not informed of, his right to file a motion in arrest of judgment; (3) the trial court erred in failing to make a verbatim record of the proceedings; and (4) his failure to file a direct appeal does not bar postconviction relief because he did not know of his right to appeal.

*I. Iowa Rule of Criminal Procedure 8(2)(b).* Patten alleges the trial court erred in failing to make a "purposeful waiver" of the requirements of Iowa Rule of Criminal Procedure 8(2)(b). Patten concedes his execution of the Guilty Plea and Waiver of Rights form constitutes his approval to a waiver of the guilty plea proceedings. However, he argues there is no record to indicate the court waived the procedural requirements of rule 8(2)(b). This argument is meritless.

Patten does not dispute he signed a guilty plea which gave up the rights addressed by rule 8(2)(b). He also does not dispute that his execution of the guilty plea constituted his approval of a waiver of the rule's requirements. Once the trial court

was in receipt of Patten's guilty plea, it was within the court's discretion to waive the guilty plea procedures. It was not required to address Patten in open court to ascertain the validity of his waiver. *See State v. Yarborough,* 536 N.W.2d 493, 496 (Iowa App. 1995) (court does not have to address defendant in open court to determine voluntariness of written guilty plea). It is implicit within the court's decision to proceed to enter judgment and sentence that the court waived the guilty plea procedures of rule 8(2)(b).

Contrary to Patten's arguments, the court was not required to make an express, on-the-record finding that Patten approved of a waiver and that the court was exercising its discretion to allow a waiver. To impose such a requirement would undermine the purpose of allowing such waivers.

*II. Motion in Arrest of Judgment.* Patten next claims the trial court did not personally inform him any challenge to his guilty plea had to be raised in a motion in arrest of judgment. Iowa R.Crim.P. 8(2)(d). Patten's guilty plea contained this language: "I understand my right to attack this guilty plea by filing a Motion in Arrest of Judgment pursuant to Rule 23(3) of the Iowa Rules of Criminal Procedure." [1]

"In determining whether a trial court has met the requirements of rule 8 in guilty plea proceedings, we apply the standards of substantial compliance." *State v. Taylor,* 301 N.W.2d 692, 693 (Iowa 1981). Patten does not contend his presence was required for entry of judgment and sentence after his execution of the guilty plea. *See* Iowa R.Crim.P. 25(1) (defendant in misdemeanor cases may appear by counsel). We believe the inclusion of the reference to his rule 23(3) rights in his guilty plea constitutes substantial compliance with rule 8(2)(d), but we pass this question for the issues presented are resolved on the merits under division IV of this opinion.

---

1. We strongly recommend the language set forth in written pleas of guilty should, with needed modifications, conform more precisely with the provisions set forth in Rule 8(2)(d) which provides: "(d) *Challenging Pleas of Guilty.* The court shall inform the defendant that any chal-

lenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."

### III. *Iowa Rule of Criminal Procedure 8(3).*

Patten claims the court erred in failing to make a verbatim record of the guilty plea proceedings. When we couple the judgment entry and the written plea of guilty with the circumstances surrounding this case, we find this claim to be without merit.

### IV. *Failure to File Direct Appeal—Merits of Argument.*

Patten contends the trial court was obligated to inform him of his right to appeal, Iowa R.Crim.P. 22(3)(e),[2] and the failure to do so excuses his failure to file a motion in arrest of judgment and an appeal from the entry of his guilty plea. Assuming without deciding there is merit in this procedural contention, we then proceed to review the general merits of his claim.

Patten's application for postconviction relief alleged his emotional state precluded him from understanding or comprehending the guilty plea. A court may not accept a plea of guilty without determining if it is voluntarily and intelligently made. Iowa R.Crim.P. 8(2)(b). Our review is de novo. *State v. Kempf,* 282 N.W.2d 704, 707 (Iowa 1979).

The transcript from the post conviction hearing reveals Patten's attorney and Patten's wife testified in detail about the circumstances surrounding entry of the plea. Their testimony focused primarily on Patten's distraught and emotional state. This state of mind is certainly understandable and is not unusual, for defendant is pleading guilty to the commission of an act that constitutes a crime under the laws of this state.

The record is abundantly clear that Patten's attorney thoroughly and completely discussed the plea agreement with him. It is equally clear that Patten understood the plea agreement and each of the terms and provisions of his written plea of guilty. Finally, it cannot go unnoticed that Patten's decision to plead guilty was not a spontaneous or unreasoned act. On the day his case was scheduled for trial, serious plea negotiations took place. Originally, defense counsel had the consent of defendant and his wife to negotiate an *Alford* plea to the crime charged in the trial indictment. The county attorney rejected this offer and after about two hours of further negotiations, a plea agreement was struck and the written plea of guilty was then prepared and signed. By this date, defendant had been furnished the video tape of the victim's testimony. Thereafter, defendant was sentenced and such sentence conformed in all respects with the plea agreement. We conclude that no basis exists for finding his plea was not knowing, voluntary, and intelligent in nature. On the contrary, we find that it was and accordingly affirm the trial court's decision.[3]

**AFFIRMED.**

2. We again strongly recommend in serious and aggravated misdemeanor cases that the defendant be advised of his right to appeal under rule 22(3)(e) of the Iowa Rules of Criminal Procedure; and in the event defendant is not present during the sentencing, such right of appeal should be set forth in not only the written plea form but also in the court's judgment entry.

3. As it relates to advising a defendant of his right to appeal, we recognize the difference in the language of the Iowa rule and Federal Rule of Criminal Procedure 32(a)(2). We refer in this footnote to the federal rule with the thought that Iowa should consider its adoption. Federal Rule of Criminal Procedure 32(a)(2), prior to December 1, 1994, provided:

> **Sentence and judgment**
> **(a) Sentence** . . . .
> (2) *Notification of right to appeal.* After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. *There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere.* . . .

(Emphasis added.)

The rule now provides:

> **Sentence and judgment** . . . .
> **(c) Sentence** . . . .
> (5) *Notification of right to appeal.* After imposing sentence in a case which has gone to trial on a plea of not guilty, the court must advise the defendant of the right to appeal. *After imposing sentence in any case, the court must advise the defendant of any right to appeal the sentence,* and of the right of a person who is unable to pay the cost of an

appeal to apply for leave to appeal in forma pauperis. . . .
Fed.R.Crim.P. 32(c)(5) (emphasis added).
In commenting on this amendment to the rules, the advisory committee notes state:

*[T]he Committee intends no substantive change in practice. That is, the court may, but is not required to, advise a defendant who has entered a guilty plea, nolo contendere plea or a conditional guilty plea of any right to appeal (such as an appeal challenging jurisdiction). However, the duty to advise the defendant in such cases extends only to advice on the right to appeal any sentence imposed.*

Fed.R.Crim.P. 32 advisory committee's note (emphasis added).