# IN THE COURT OF APPEALS OF IOWA

No. 13-2061
Filed September 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAY BLAND JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, John D. Telleen (plea) and Joel W. Barrows (sentencing), Judges.

A defendant appeals from the judgment and sentence entered following his plea of guilty to domestic abuse by strangulation. **AFFIRMED.**

Jack E. Dusthimer, Davenport, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Michael J. Walton, County Attorney, and Dion Trowers, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., Tabor, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Jay Bland Jr. appeals from the judgment and sentence entered following his plea of guilty to domestic abuse assault by strangulation.

## I. Background Facts and Proceedings

Bland was charged with domestic abuse by strangulation causing bodily injury, a felony. Bland entered into a plea agreement with the State. The plea agreement provided that Bland would plead guilty to the lesser-included offense of domestic abuse assault by strangulation without the bodily injury element, an aggravated misdemeanor under Iowa Code section 708.2A(2)(d) (2013). Under the plea agreement, the State had the right to make any sentencing recommendation it desired but agreed not to prosecute Bland on various other alleged violations. The plea agreement stated, "Concurrence of the Court to this Agreement is not a condition to the acceptance of the plea."

Bland executed and filed a written plea of guilty to the aggravated misdemeanor, and the court signed an order accepting the plea agreement. At sentencing the court stated, "I do accept the written agreement of the parties." There is no record of a colloquy involving the plea, and there is no other mention of the plea proceeding in the sentencing transcript. Counsel did not object to the plea procedure used, and a motion in arrest of judgment was not filed. Bland claims that his counsel was ineffective in failing to do so.

## II. Error Preservation

An ineffective-assistance-of-counsel claim is an exception to the rule that a party must preserve error in the district court. *State v. Doggett*, 687 N.W.2d 97, 100 (Iowa 2004).

### III. Standard of Review

Ineffective-assistance-of-counsel claims raise constitutional issues and are therefore reviewed de novo. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). Such claims are ordinarily preserved for postconviction-relief proceedings. *Id.*

### IV. Discussion

Bland contends his counsel was ineffective in failing to file a motion in arrest of judgment and thus preserving his right to appeal. To establish a claim of ineffective assistance of counsel, a claimant must establish by a preponderance of the evidence that (1) counsel has failed to perform an essential duty and (2) the failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). An ineffective-assistance-of-counsel claim is not meritorious if either element is lacking. *State v. Terry*, 544 N.W.2d 449, 453 (Iowa 1996).

There are two distinct constitutional analyses related to guilty pleas. *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). The first concerns counsel's duty to ensure a client does not plead guilty to a charge for which there is no objective factual basis. *Id.* The second concerns the trial court's duty to determine the defendant made a voluntary, knowing, and intelligent choice to waive constitutional rights. *Id.* at 55. The grounds of appeal are predicated on the district court's failure to indicate it had exercised its discretion in waiving a formal plea colloquy, ensuring that Bland's plea of guilty was entered voluntarily, knowingly, and intelligently, and determining a factual basis for the plea.

Iowa Rule of Criminal Procedure 2.8(2)(b) sets out the district court's responsibility in accepting a plea of guilty. The rule provides that the court may,

in its discretion and with the approval of the defendant, waive the oral colloquy and enter a signed written plea if the plea is to an aggravated or serious misdemeanor. Iowa R. Crim. P. 2.8(2)(b)(5). The written plea may be supplemented by an oral colloquy, but taken together, they must be in substantial compliance with the requirements of the rule. *State v. Kirchoff*, 452 N.W.2d 801, 804-05 (Iowa 1990).

Bland contends that the record failed to establish a factual basis existed for the charge to which he pled. Otherwise, Bland does not contend his written plea was inaccurate or incomplete, or that it failed to comply with the requirements of rule 2.8(2)(b). Instead, he contends there must be something in the record to show that the court accepting the plea exercised its discretion to waive the plea colloquy and discharged its duty to ensure that the plea was made voluntarily, knowingly, and intelligently. Bland relies on this court's unpublished decision in *State v. Earnest*, No. 13-0388, 2014 WL 472036, at *2 (Iowa Ct. App. Feb. 5, 2014), wherein we vacated the judgment and sentence entered following a guilty plea because the record lacked an indication that "the district court exercised its discretion in waiver of the plea colloquy, or discharged its duty to ensure [the] plea was made 'voluntarily and intelligently and has a factual basis,' or accepted [the] plea."

The *Earnest* court relied in part on *State v. Meron,* 675 N.W.2d 537, 542-43 (Iowa 2005). *Earnest*, 2014 WL 472036, at *2*. In *Meron* there was no written plea setting out the contents of rule 2.8(2)(b), only an oral waiver by the defendant of the need to be advised of the requirements of the rule. 675 N.W.2d at 542-43. The oral waiver in *Meron* failed to substantially comply with the

requirements of rule 2.8(2)(b).  675 N.W.2d at 542.  Without a written waiver to supplement it, there was no basis for the court to find the defendant had made a voluntary, knowing, and intelligent waiver of rights; the defendant's agreement to waive the plea colloquy did not cure that defect.  *Id.* at 542-43.

The State asserts that a subsequent case that has been differentiated from *Earnest* is more similar to the one in question, citing *State v. Putney*, No.14-0433, 2015 WL 1331837, at *4 (Iowa Ct. App. Mar. 25, 2015).  In *Putney* the court, in compliance with rule 2.8(2), informed Putney it was accepting his plea, acknowledged Putney's waiver of the required oral colloquy, and noted the written plea stated that Putney understood the consequences of his plea.  2015 WL 1331837, at *4.  The court easily distinguished the plea record in *Putney* from *Earnest*.  *Id.*

In *Earnest* there was no record that the plea had been accepted by the court.  In this case there is a calendar entry stating that the plea had been accepted, and in the court's colloquy at the time of sentencing, the plea agreement was specifically accepted.  Our court addressed the issue in the earlier, published decision of *Patten v. State*, 553 N.W.2d 336, 337 (Iowa Ct. App. 1996).  There, the defendant admitted his written guilty plea constituted his approval to waive the guilty plea proceedings but argued "there is no record to indicate the court waived the procedural requirements" of what is now rule 2.8(2)(b).  *Patten*, 553 N.W.2d at 337.  The court held:

> Once the trial court was in receipt of Patten's guilty plea, it was within the court's discretion to waive the guilty plea procedures.  It was not required to address Patten in open court to ascertain the validity of his waiver.  It is implicit within the court's decision to

proceed to enter judgment and sentence that the court waived the guilty plea procedures of rule [2.8(2)(b)].

Contrary to Patten's arguments, *the court was not required to make an express, on-the-record finding that Patten approved of a waiver and that the court was exercising its discretion to allow a waiver.* To impose such a requirement would undermine the purpose of allowing such waivers.

*Id.* (emphasis added) (citation omitted).

*Earnest* is further distinguishable. In *Earnest*, "the parties filed a written memorandum of plea agreement" with the court wherein the defendant agreed to plead guilty to a lesser-included offense, the State agreed to make no sentencing recommendation, and court's acceptance of the agreement was required. 2014 WL 472036, at *1. There is no indication the defendant executed a written waiver of rights or that substantial compliance with rule 2.8(2)(b) was achieved by any other means. In contrast with *Earnest*, Bland executed a written guilty plea that substantially complies with the requirements of rule 2.8(2)(b). "A written guilty plea containing such a waiver is prima facie evidence the defendant gave the waiver voluntarily, knowingly, and intelligently." *State v. Majeres*, 722 N.W.2d 179, 183 (Iowa 2006) (addressing a waiver of the right to counsel); *see also State v. Liddell*, 672 N.W.2d 805, 811 (Iowa 2003) (holding a written waiver of the right to a jury trial is prima facie evidence the waiver was voluntary, knowing, and intelligent).

We turn then to Bland's argument that counsel failed to ensure a factual basis existed to support his guilty plea. He claims his written guilty plea contained boilerplate language that did not meet the elements of the offense.

For a factual basis to exist, the record at the time of the guilty plea must disclose facts to satisfy all elements of the offense. *Rhoades v. State*, 848

N.W.2d 22, 29 (Iowa 2014).  Here, to establish Bland committed domestic abuse assault, the record at the time of the plea must have established Bland "knowingly imped[ed] the normal breathing or circulation of blood of another by applying pressure to the throat or neck of the other person."  Iowa Code § 708.2A(2)(d).  On the written plea form, Bland states he grabbed his girlfriend by the neck."  The plea form further states, "I accept the minutes of evidence as substantially true as to the elements of these charges . . . ."  The minutes of evidence state the girlfriend "suffered . . . an inability to breathe" during this time and that Bland "was obstructing her ability to breath[e]."  Therefore, the record at the time of the guilty plea sufficiently establishes a factual basis for Bland's guilty plea, and trial counsel was not ineffective on this basis.

**AFFIRMED.**