# IN THE COURT OF APPEALS OF IOWA

No. 13-2049
Filed October 28, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DEMARCUS LETRELLE CULBERSON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.

A defendant appeals the sentence for his conviction for driving while barred as a habitual offender.  **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Tyler J. Buller, Assistant Attorneys General, Michael J. Walton, County Attorney, and Robert Bradfield, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., McDonald, J., and Sackett, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SACKETT, Senior Judge.**

Defendant DeMarcus Culberson appeals the sentence for his conviction for driving while barred as a habitual offender. We determine that Culberson knowingly and intentionally waived his right to make a statement in mitigation of punishment. We deny his request to have his sentence reversed and the case remanded for resentencing.

The State filed a trial information alleging Culberson had operated a motor vehicle while barred as a habitual offender, in violation of Iowa Code section 321.561 (2013), an aggravated misdemeanor. Culberson entered into a plea agreement in which he agreed to plead guilty and the State agreed to recommend a sentence of 365 days in jail, with all but ninety day suspended, and a fine of $1200.

Culberson signed a written guilty plea on June 5, 2013, stating he "did operate a motor vehicle while my driving privileges [were] barred as a habitual offender." Culberson also signed a "Consent to Waive Presence," which stated, "I expressly waive my right to personally address the court at the time of sentencing. I further agree that the court may impose sentence without my being present."

The judgment and sentence, filed on December 5, 2013, provides, "The defendant appears personally with/by Attorney _____." The court accepted Culberson's guilty plea. He was sentenced to 365 days in the county jail, with credit for time served and all but ninety days suspended, and ordered to pay a

fine of $1200. The sentencing hearing was not reported, and therefore, there is no transcript of the hearing.

On appeal, Culberson seeks to be resentenced, asserting he was denied his right to allocution. He claims there is no indication in the record that he was allowed to make a statement in mitigation of punishment. He contends he should have been given the opportunity to personally address the court. Our review is for an abuse of discretion. *See State v. Craig*, 562 N.W.2d 633, 634 (Iowa 1997).

Iowa Rule of Criminal Procedure 2.23(3)(d) provides that prior to the rendition of sentence, "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." "[O]ur Supreme Court requires a record establishing that the court has invited or afforded an opportunity for the defendant to speak regarding punishment." *State v. Cooley*, 691 N.W.2d 737, 740 (Iowa Ct. App. 2004). A defendant may relinquish the right to allocution by a knowing and intentional waiver. *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001).

We determine Culberson knowingly and intentionally waived his right to make a statement in mitigation of punishment by signing the "Consent to Waive Presence," which stated, "I expressly waive my right to personally address the court at the time of sentencing." By referring to Culberson's right to address the court at the time of sentencing, we find the statement unambiguously refers to Culberson's right of allocution. *Cf. id.* (finding a waiver of "personal conversation with the court" in a waiver of jury trial was too ambiguous to waive the right to

allocution at sentencing). Furthermore, Culberson waived his right to be present at sentencing, which would preclude his ability to address the court at sentencing. *See* Iowa R. Crim. P. 2.27(1) (providing that in misdemeanor cases a defendant may appear at sentencing by counsel); *Patten v. State*, 553 N.W.2d 336, 337 (Iowa Ct. App. 1996) (same).

We deny his request to have his sentence reversed and the case remanded for resentencing. We affirm his conviction and sentence.

**AFFIRMED.**