**STATE of Iowa, Appellee,**

v.

**Randy Lee COMBS, Appellant.**

**No. 65965.**

Supreme Court of Iowa.

March 17, 1982.

Francis C. Hoyt, Jr., and Scott D. Rosenberg, State Appellate Defenders, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and John P. Messina, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, LARSON, and SCHULTZ, JJ.

HARRIS, Justice.

The same facts gave rise to successive charges. Defendant was first tried and acquitted on a charge of false use of a financial instrument (§ 715.6, The Code 1979). He was then charged and convicted of theft in the second degree (§§ 714.1(1) and 714.-2(2), The Code 1979). In this appeal from a suspended sentence he assigns four errors. We affirm the trial court.

On several occasions defendant accompanied an eighty-one year old man to his bank and, ostensibly because of the latter's poor eyesight, assisted him in cashing checks. Defendant took the money.

On advice of the bank the police began an investigation. The officers advised the depositor to inform police if defendant approached him in the future. The future turned out to be the following day when police were informed defendant was at the victim's residence. He was arrested there and charged with the false use of a financial instrument. He was acquitted on that charge following a bench trial.

The present charge was then filed on the basis of the same facts. Defendant filed a pretrial motion to dismiss on former jeopardy and due process grounds. The motion was overruled and we declined discretionary review. Defendant then again waived a jury trial and was convicted.

■ I. Defendant first argues he was denied effective assistance of counsel because his trial attorney failed to move to dismiss the second charge on the basis prosecution commenced more than forty-five days after the initial arrest. Iowa R.Crim.P. 27(2)(a). There are a number of responses to the assignment. We consider only one. Defendant was charged in the first case within forty-five days from his arrest. Following his acquittal a trial information was filed on the second charge

but defendant was never arrested on the second charge. With no arrest there was nothing to trigger rule 27(2)(a). The rule was not violated. *State v. Sunclades*, 305 N.W.2d 491, 493–94 (Iowa 1981). Defendant's counsel was not ineffective for failing to urge a wrong ground.

■ II. The State is not required to consolidate all charges within one prosecution. Iowa R.Crim.P. 6(1); *State v. Cook*, 261 Iowa 1341, 1348, 158 N.W.2d 26, 30 (1968). Nevertheless defendant urges that the second charge here was fundamentally unfair and thus violative of the due process clause of the Fourteenth Amendment to the United States Constitution. He points to the fact that the evidence was entirely the same in both prosecutions and argues the State should have known prior to the first charge that the correct charge was theft rather than false use of a financial instrument. *See State v. Schoelerman*, 315 N.W.2d 67, 75 (Iowa 1982).

Defendant urges us to adopt sections 1.07(2) and 1.07(3) of the 1962 proposed *official draft* of the A.L.I.'s Model Penal Code which places limitations on the availability of separate trials for multiple offenses and on the authority of trial courts to order separate trials. He believed separate prosecutions adversely affected his mental health and harassed him. He argues the two trials sapped the State's and his own resources. He draws an analogy by pointing to the trend toward consolidation in civil matters. *See* Iowa R.Civ.P. 185.

From our review of the record we discern no design on the part of the State to harass defendant. We do not think it was fundamentally unfair for the State to bring the second prosecution upon failure of the first. 21 Am.Jur.2d, Criminal Law, §§ 266, 279 (1981); 22 C.J.S. Criminal Law § 268 at 689–90 (1961). What was involved here was an honest attempt by the State to correct a mistaken theory of prosecution. There was no prejudice to the defendant. If there was a mistake it was in bringing

the first charge, the one which resulted in an acquittal. The assignment is without merit.

■ III. In his third assignment defendant contends the theft charge should have been submitted as an included offense in the first case. As mentioned, both charges arose from the same transaction, occurrence, facts, circumstances, and episode. Defendant believes he was twice placed in jeopardy for the same offense in violation of the Fifth and Fourteenth Amendments to the United States Constitution and art. I, § 12, of the Iowa Constitution as well as section 816.1, The Code 1979. He relies largely on language in a concurring opinion in *Ashe v. Swenson*, 397 U.S. 436, 453–54, 90 S.Ct. 1189, 1199, 25 L.Ed.2d 469, 481 (1970). By this assignment we are asked to adopt the same transaction test, an invitation we declined in *Sunclades*, 305 N.W.2d at 496.

"... [G]enerally ... a conviction and sentence on one charge is a bar to judgment upon another only if the evidence required to support a conviction on one would suffice to warrant a conviction on the other. (Authorities.)

"Stated otherwise, when a requisite element of one offense is not necessarily essential to a conviction for another, no double punishment attends judgment on both unless one is an included offense in the other. (Authorities.) ...."

*State v. Cabbell*, 252 N.W.2d 451, 452 (Iowa 1977).

■ Marshaling the elements of the two offenses we note the elements of false use of a financial instrument are:

(1) use of a financial instrument,

(2) intent to fraudulently obtain something of value,

(3) knowledge that (a) instrument is not what it purports to be or (b) he or she is not the person or authorized agent of the person who, as shown on instrument, has the right to so use the instrument. § 715.6, The Code.

■ The elements of second degree theft are:

(1) taking possession or control of the property of another, or property in the possession of another,

(2) intent to deprive the other of the property,

(3) property does not exceed $500 in value and defendant has before been twice convicted of theft, or

(4) theft by any other person of property exceeding $500 but not exceeding $5000 in value [or theft of a motor vehicle, irrespective of value]. §§ 714.1(1) and 714.2(2), The Code.

Each crime contains elements not contained in or necessary for the other. The former jeopardy claim is without merit.

IV. Defendant waived trial by jury in both prosecutions. In the second prosecution the case was submitted and decided by the court on the basis of the transcript and record developed in the first prosecution. When given the opportunity to offer further evidence both parties declined and submitted the matter upon written argument. Defendant now claims he was denied his constitutional right to a trial by jury and to other trial rights. He argues that, because the trial court did not extensively inquire about his election, there was no way to determine whether his waiver was knowing, voluntary, and intelligent. Defendant also argues he was denied effective assistance of counsel by his defense counsel's decision to allow him to waive a jury trial and to submit the case on the prior trial's record and transcript.

■ The State responds only to the ineffective assistance claim, contending error was not preserved on the waiver issue. We agree. The waiver was not challenged in trial court. It should not be challenged for the first time on appeal. *State v. Mark*, 286 N.W.2d 396, 408 (Iowa 1979).

■ We find no support for defendant's position that a lengthy inquiry into defend-

ant's waiver of jury must be made by the trial court in order for the waiver to be effective. Iowa R.Crim.P. 16(1) makes no such requirement.

Neither do we believe the defendant has shown ineffectiveness of his counsel arising from the waiver of the jury. The defendant agreed to the manner of trial. The facts were not seriously disputed. We think counsel was well justified in believing the only issue to be resolved at the second trial was the former jeopardy question. Defendant must show prejudice resulting from a claimed failure to perform an essential duty. *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981). We believe counsel's performance was within the range of normal competency. The decision appears to have been tactical. *See State v. Veverka*, 271 N.W.2d 744, 750 (Iowa 1978).

AFFIRMED.