**STATE of Iowa, Appellee,**

v.

**Cordell Russell KIRBY, Appellant.**

No. 84–1848.

Supreme Court of Iowa.

July 23, 1986.

Charles L. Harrington, Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., James A. Smith, Co. Atty., and Gregory Biehler, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and Mc-GIVERIN, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

Defendant, Cordell Kirby, was convicted following a trial to the court on two counts of false use of a financial instrument in violation of Iowa Code section 715.6 (1983). The case was presented on the stipulated testimony of the State's witnesses as identified in the minutes accompanying the trial information. The substance of the stipulated testimony was that defendant was employed by the Iowa Conference of the United Methodist Church as a janitor. While so employed, he stole several checks from the office of the treasurer of that organization located in the building where he worked. With respect to the two checks involved in the two criminal charges on which he was tried, the evidence indicated that he forged the signature of the church treasurer for the drawer, made the checks out to himself as payee in the sums of

$256.53 and $432.28 respectively, and then negotiated both checks for cash at a Hy-Vee grocery store in Des Moines. Following the trial on the stipulated testimony, the court found the defendant guilty of both offenses charged.

Defendant's sole issue on appeal is that there was a fatal variance between the allegations of the charging instrument and the evidence with respect to the manner in which the offense was committed. In seeking reversal, he relies on our conclusion in *State v. Willet*, 305 N.W.2d 454, 457 (Iowa 1981) that, "[w]hen a crime may be committed in different ways, and the State specifies one way, the offense must be proved to have been committed in the way charged." *See also State v. Allen*, 293 N.W.2d 16, 22 (Iowa 1980); *State v. Hochmuth*, 256 Iowa 442, 445, 127 N.W.2d 658, 659 (1964). Defendant's argument is further conditioned on the premise stated in *State v. Combs*, 316 N.W.2d 880 (Iowa 1982) that the statutory elements of the two FUFI offenses charged in the present case are:

(1) use of a financial instrument,

(2) intent to fraudulently obtain something of value,

(3) knowledge that (a) instrument is not what it purports to be or (b) he or she is not the person or authorized agent of the person who, as shown on instrument, has the right to so use the instrument.

*Id.* at 883 (citation omitted).

The information in the present case charged the offenses as follows:

## COUNT V

The above-named defendant [Cordell Kirby], on May 29, 1984 through June 8, 1984 ... did use a financial instrument to wit: a check, drawn on the Norwest Bank and to the order of Cordell Kirby in the amount of $256.53 to fraudulently obtain money, knowing that he is not the person or authorized agent of the person who has the right to so use the instrument.

## COUNT VI

The above-named defendant [Cordell Kirby], on May 29, 1984 through June 8, 1984 ... did use a financial instrument to wit: a check, drawn on the Norwest Bank and to the order of Cordell Kirby, in the amount of $432.28, to fraudulently obtain money, knowing that he is not the person or authorized agent of the person who has the right to so use the instrument.

Defendant contends that the foregoing allegations clearly indicate that the State was proceeding to establish the offenses charged by means of the second mens rea alternative identified under the third element stated in *Combs*, 316 N.W.2d at 883. He further contends that the stipulated testimony clearly fails to establish his guilt under the second *Combs* knowledge alternative because he was the payee of the check as shown on the instrument.

■ To the extent that *Combs* recognizes alternative means of establishing the mens rea element of the offense of false use of a financial instrument, we agree with defendant's contention that his guilt in the present case must be based on the first alternative, *i.e.*, knowledge that the instrument was not genuine. The second alternative does not relate to knowledge concerning whether the instrument is genuine and, indeed, assumes that it is. Guilty knowledge under the second alternative involves a situation where one falsely represents his or her identity as a person who is shown on the instrument to be entitled to its use.

■ While we accept the underlying premise on which the defendant's claim of variance is based, we nevertheless conclude that he has failed to establish any basis upon which his conviction should be overturned. We reach this conclusion based on several factors which are clearly present in the record. First, the language of the charging instrument makes no reference on either charge to knowledge by the defendant that he is not the person or authorized agent who "as shown on the instrument" had the right to use the checks.

The words "as shown on the instrument" are nowhere contained in the language of either charge. The factual averments of the information that defendant sought to fraudulently obtain money in stated sums knowing that he was not a person who had the right to use the instruments were relevant to the issue of guilt under the first alternative and were not misleading. Defendant knew he did not have the right to use the instruments because he had stolen the checks and forged the signature of the drawer. These scenarios were sufficient to establish guilt under the first FUFI alternative.

In addition to the foregoing facts, the minutes of testimony attached to the information clearly indicate the State's theory of the case both with respect to what defendant did and his source of knowledge concerning the bona fides of his use of the stolen financial instruments. The rule applied in *Willet*, 305 N.W.2d at 457, requiring the State to prove an offense in the manner charged is not an end in itself but merely a means of protecting a defendant from being misled by the charging instrument. We find no basis upon which the defendant could have been misled in the present case and therefore conclude that he is entitled to no relief on the grounds which he has advanced in the present appeal. The judgment of the district court is affirmed.

AFFIRMED.