**STATE of Iowa, Appellant,**

v.

**Annette E. GRICE, Appellee.**

No. 93–953.

Supreme Court of Iowa.

April 20, 1994.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., William E. Davis, County Atty., and Alan R. Havercamp, Asst. County Atty., for appellant.

Douglas C. Scovil of Ruud, Scovil & Marsh, Rock Island, IL, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

The State appeals from a district court ruling granting defendant's motion for a judgment of acquittal at the close of the State's evidence. The court granted defendant's motion on the basis that there was a fatal variance between the charging instrument and the proof offered at trial. We granted the State's application for discretionary review and conclude the court erred in dismissing the charge against the defendant.

I. *Background.*

On February 6, 1990, the Scott County attorney's office filed a trial information charging Annette E. Grice with robbery in the second degree. The information provided:

> The said Annette E. Grice on or about the 15th day of November, A.D., 1989, in the County of Scott, in State of Iowa:

> Did commit Robbery in the Second Degree against Denise Johnston, in violation of Section 711.3 of the Code of Iowa.

The attached minutes of testimony incorporated police department investigative reports showing that the State's witnesses would testify that employees of a Davenport Hy-Vee Food Store apprehended Grice and an accomplice when they attempted to shoplift several cartons of cigarettes from the store. Hy-Vee employees, including Johnston, detained the women and escorted them to the office at the back of the store while one employee called the police. In an attempt to escape Grice struck Johnston over the head with a bottle of liquor. The employees were able to detain them until the police arrived. The police reports listed Kisha Humphries as the complainant and Denise Johnston as the victim. Both were identified as employees of Hy-Vee.

Evidence admitted at trial disclosed that Grice intended to steal cigarettes from the Hy-Vee store and that she struck Johnston over the head with a bottle of cognac while attempting to escape from the premises. Johnston received approximately twelve stitches to close the laceration to her scalp. There was no evidence indicating that Grice intended to steal anything belonging to Johnston.

Grice made a motion for a directed verdict of acquittal at the close of the State's evidence, claiming "that the State had failed to establish the elements necessary for robbery,

in that ... the facts as shown do not support the charge as set forth in the Information." *See* Iowa R.Crim.P. 18(8)(a). Grice maintained that although the evidence may have established the elements of a robbery, the information apprised her that she only had to defend against a charge of robbery perpetrated against Johnston.

In resistance, the State argued that the information together with the minutes of testimony sufficiently alerted Grice to the details of the charge. The court agreed with the argument urged by Grice and entered a judgment of acquittal.

We granted discretionary review of the court's ruling for the guidance of the bench and bar. Iowa Code § 814.5(2)(d) (1993). Our review is for correction of errors. Iowa R.App.P. 4.

### II. *Robbery.*

Robbery is defined in Iowa Code section 711.1 (1989):

A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:

1. Commits an assault upon another.

2. Threatens another with or purposely puts another in fear of immediate serious injury.

3. Threatens to commit immediately any forcible felony.

On appeal the State argues the district court erred in ruling there was a fatal variance between the crime charged and the proof at trial. The gist of Grice's argument is that instead of identifying the victim of the intended theft, Hy–Vee, the State identified the victim of the assault, Johnston, in the information. Grice asserts that this omission made the information misleading and therefore prejudicial. The State contends that (1) there was no variance because it is appropriate to name the assault victim as the victim of the robbery, and (2) even if there was a variance, it was not prejudicial to the defendant.

Robbery as defined in section 711.1 is similar to robbery under the former law in that both the code and the former law are primarily concerned with the use of violence or the threat of violence as a means of accomplishing a theft.... The code does not require that the intended theft be from the person. The code does not require that a theft be accomplished, but only that the assault or threats be made to assist the commission of an intended theft, or to assist the would be thief to escape the scene of the crime.... There is no requirement that the threats or violence be directed at the person from whom the property will be stolen. The only requirement is that the threats or violence be done to assist or further the theft or escape from the scene of the crime.

4 John L. Yeager & Ronald L. Carlson, *Iowa Practice* § 252, at 68–69 (1979); *see also State v. Boley*, 456 N.W.2d 674, 679 (Iowa 1990), *cert. denied*, 498 U.S. 924, 111 S.Ct. 305, 112 L.Ed.2d 258 (under section 711.1 there is no requirement that a theft actually be committed). Iowa Code section 711.1 is much less restrictive than the common-law definition of robbery. *State v. Jordan*, 409 N.W.2d 184, 185–86 (Iowa 1987). The statute expands "the time span in which the required assault or threat of physical violence can occur." *Id.*

### III. *Variance in Trial Information.*

The purpose of an indictment or information is to apprise the defendant of the crime charged so that the defendant may have the opportunity to prepare a defense. *State v. Willet*, 305 N.W.2d 454, 457 (Iowa 1981); *see also State v. Kirby*, 391 N.W.2d 243, 245 (Iowa 1986). The requirement that the State "prove an offense in the manner charged is not an end in itself but merely a means of protecting a defendant from being misled by the charging instrument." *Kirby*, 391 N.W.2d at 245.

Generally an information need not detail the manner in which the offense was committed. *See State v. Johnson*, 162 N.W.2d 453, 455 (Iowa 1968); Iowa R.Crim.P. 4(7). If the State specifies one way of committing a crime, however, "the

offense must be proved to have been committed in the way charged." *Willet,* 305 N.W.2d at 457.

In this case, the State accused Grice of second-degree robbery without specifying that it would prove a particular action that Grice took to further the intended theft or her escape from the premises. *See, e.g., Willet,* 305 N.W.2d at 456–57 (defendant charged with third-degree sexual abuse by force or against the will of the victim, while proof at trial was based on the ages of the participants). Additionally, the information complied with our short form of indictment for robbery. Iowa R.Crim.P. 31, Form 10. We find no variance on this ground.

 Thus, we are left with the narrow question of whether there was a fatal variance between the information and the proof because the actual victim of the intended theft, Hy–Vee, was not identified in the information. We note that robbery requires an intent to commit a theft. Iowa Code § 711.1. Theft as defined in Iowa Code section 714.-1(1) includes taking "possession or control of the property of another, or property in the possession of another...." We believe "an allegation that the victim was the owner of the property taken means no more than that the person named had a better right of possession than the robber." 67 Am.Jur.2d *Robbery* § 70, at 123 (1985); *see also People v. Jordan,* 155 Cal.App.3d 769, 203 Cal.Rptr. 172, 180 (1984); *State v. Jackson,* 306 N.C. 642, 295 S.E.2d 383, 390 (1982).

Here the State's evidence clearly establishes both the existence of the Hy–Vee store as the theft victim and of the relationship between Hy–Vee and Johnston. *See State v. Matlock,* 289 N.W.2d 625, 628 (Iowa 1980). The record shows that Grice intended to take cartons of cigarettes from the store which were under the control of Johnston as a store employee. *Id.* at 628–29. Grice had no right of possession as against Johnston or any other employees. We therefore hold that "an allegation that the property taken was owned by one person and proof that it was owned by another does not give rise to a fatal variance in a robbery case." 67 Am.Jur.2d *Robbery* § 70, at 123; *see also Jordan,* 203 Cal.Rptr. at 181.

 Since the adoption of the short form indictment, Iowa courts consider both the indictment or information and the minutes filed when determining the adequacy of the allegations to apprise the accused of the crime charged. *State v. Lass,* 228 N.W.2d 758, 765 (Iowa 1975); *see also Kirby,* 391 N.W.2d at 245. The minutes of testimony attached to the information clearly indicate the State's theory of the case. We can find no basis upon which Grice could have been misled with respect to the robbery charge. Any variance between the crime charged and the proof at trial was not prejudicial. *See Willet,* 305 N.W.2d at 457; Iowa R.Crim.P. 4(7). We hold that the court erred in dismissing the charge against Grice. However, the judgment of acquittal is final as to Grice. *See State v. Timmer,* 260 Iowa 993, 995, 151 N.W.2d 558, 559 (1967). We therefore reverse the judgment of acquittal but do not remand the case.

**REVERSED.**