# IN THE COURT OF APPEALS OF IOWA

No. 18-0007
Filed January 23, 2019

**JOEL ZAMORA,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____


Appeal from the Iowa District Court for Johnson County, Patrick R. Grady, Judge.


Joel Zamora appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**


Lanny M. Van Daele of Van Daele Law, LLC, North Liberty, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.


Considered by Doyle, P.J., Mahan, S.J.,* and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MAHAN, Senior Judge.**

Joel Zamora appeals the district court's denial of his application for postconviction relief following his 2014 convictions for burglary in the first degree and robbery in the first degree, raising claims of ineffective assistance of counsel. Upon our review, we affirm the court's order denying Zamora's application for postconviction relief.

## I.      Background Facts and Proceedings

In its opinion affirming Zamora's convictions on direct appeal, this court set forth the following facts:

> On August 5, 2013, Ofelia Zepeda and her three children were in their trailer home in Iowa City when two men walked in. Ofelia identified one of the men as Joel Zamora. She testified Zamora put a gun to her head and asked for money. When she told him she did not have any money, Zamora pointed the gun at her children. The men took about $2000 from Ofelia's purse. The other man found the oldest child's wallet and took his money as well. The men locked the children in the bathroom. They taped Ofelia's hands and mouth and had her lay down on the floor. They took Ofelia's cell phone and told her they would kill her and the children if she called the police.
> . . . .
> Ofelia testified the gun "was a small revolver, the one that you—the kind that you load with bullets." She stated Zamora first put the gun to her forehead, then her temple, then pointed it at her children. In the courtroom she identified Zamora as the person who pointed a gun at her head. The oldest child, who was twelve at the time of the incident, testified the gun "looked like the ones like that spin around. The one that look like you can put bullets in there." He testified Zamora pointed the gun at his mother and then at him and his sisters. In the courtroom the oldest child also identified Zamora as the person with a gun.

*State v. Zamora*, No. 14-0281, 2015 WL 576017, at *1-2 (Iowa Ct. App. Feb. 11, 2015).

The State charged Zamora with burglary in the first degree, in violation of Iowa Code section 713.3(1)(b) (2013), and robbery in the first degree, in violation

of section 711.2, alleging Zamora had a dangerous weapon for both offenses. *Id.* at *1. Following trial, the jury found Zamora guilty on both counts. *Id.* The district court sentenced him to terms of imprisonment not to exceed twenty-five years on each charge, to be served concurrently. *Id.*

On direct appeal, Zamora claimed he received ineffective assistance because in a post-trial motion, his trial counsel did not argue there was insufficient evidence to show Zamora was armed with a dangerous weapon. *See id.* This court rejected the claim and affirmed his conviction. *See id.* at *1-2.

Zamora filed a pro se application for postconviction relief, raising numerous ineffective-assistance-of-counsel claims. He later filed two amended applications, one through counsel, challenging jury instructions and raising additional ineffective-assistance-of-counsel claims. Zamora filed a motion for summary judgment, and the State filed a motion for partial summary disposition. The court entered an order denying Zamora's motion and granting the State's motion. Following a hearing, the district court entered an order denying Zamora's remaining claims.

Zamora appeals. Facts specific to his claims on appeal will be set forth below.

## II. *Standards of Review*

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016) (citation omitted). However, "ineffective-assistance-of-counsel claims are reviewed de novo." *Id.*

### III.    *Discussion*

Zamora contends his counsel was ineffective in failing to challenge the robbery marshalling instruction and the trial information.[1]  To prevail on a claim of ineffective assistance of counsel, Zamora must show "(1) counsel failed to perform an essential duty; and (2) prejudice resulted."  *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "[C]ounsel has no duty to raise an issue that has no merit."  *State v. Dudley*, 766

---

[1] These claims are raised through counsel and in Zamora's pro se brief.  Through counsel, Zamora further claims his trial counsel was ineffective in (1) failing to obtain security camera footage, (2) handling Zamora's cell phone records, (3) declining to interview potential witness Mark Jordan, (4) declining to interview potential witness Juan Orozco, (5) investigating Zamora's defense that he was known to Zepeda, (6) handling Zamora's waiver and renewed demand for speedy trial, (7) handling J.Z.'s deposition, and (8) declining to depose the State's witness, Renae Starr.  And in his pro se brief, Zamora raises further challenges to the jury instructions on theft and assault, which he frames under the rubric of ineffective assistance of counsel, but his brief fails to make any argument regarding how counsel breached a duty or how this breach prejudiced him.  These contentions are not supported by an adequate argument pursuant to Iowa Rule of Appellate Procedure 6.903(2)(g).  Rather, Zamora provides his version of the underlying facts and conclusory statements in support of the allegations of error.  On each of these issues, Zamora provides very few, and on some issues no, citations to legal authorities to support his position on appeal.  Of the citations to legal authority that are provided, they are only referenced in passing, without any analysis of such legal authority or how it applies to this case or is otherwise on point.

To reach the merits of these issues "would require us to assume a partisan role and undertake the appellant's research and advocacy.  This role is one we refuse to assume."  *Ingraham v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974).  We therefore deem the arguments waived.  *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *State v. Parmer*, No. 13-2033, 2015 WL 2393652, at *10 (Iowa Ct. App. May 20, 2015) ("Parmer challenges the district court's lack of discussion as to why it determined the weight of the evidence supported the verdict, but she does not point to any evidence she believes the court ignored."); *In Re Det. of West*, No. 11-1545, 2013 WL 988815, at *3 (Iowa Ct. App. Mar. 13, 2013) ("A skeletal argument, really nothing more than an assertion, does not preserve a claim . . . .  Judges are not like pigs, hunting for truffles buried in briefs.").  We also do not consider any arguments raised for the first time in Zamora's reply brief.  *See Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992).

N.W.2d 606, 620 (Iowa 2009). A claim of ineffective assistance of counsel fails if either element is lacking. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012).

### A. Jury Instruction

With regard to the robbery marshalling instruction,[2] Zamora claims his trial counsel, John Bruzek, "should have made a challenge to the court on the jury instruction which included a reference to [G.Z.] or [B.Z.]" (Zepeda's children) because "there was insufficient evidence to submit the question of whether [G.Z.] or [B.Z.] were assaulted in the furtherance of the robbery to the jury." The marshalling instruction read as follows:

> 1) On or about the 5th day of August, 2013, the Defendant had the specific intent to commit a theft.
> 2) To carry out his intention or to assist him in escaping from the scene, with or without the stolen property the Defendant committed an assault on Ofelia Zepeda, or [J.Z.], or [G.Z.] or [B.Z.]
> 3) The Defendant was armed with a dangerous weapon.

In its ruling on direct appeal, this court noted Ofelia's testimony that Zamora "first put the gun to her forehead, then her temple, then pointed it at her children," and J.Z.'s testimony that "Zamora pointed the gun at his mother and then at him and his sisters." *Zamora*, 2015 WL 576017, at *2. On this issue, the postconviction court found, "The trial testimony of Ofelia and [J.Z.] provided sufficient evidence for the trial court to give to the jury the question of whether [G.Z.] and [B.Z.] were

---

[2] With regard to the theft instruction, Zamora contends theft has an essential element—intent to permanently deprive—that was not specifically explained to the jury because the court omitted the word "permanently." He also contends the assault instruction was submitted in the alternative and was an "incomplete statement of law and lacking the required intent mental state." As noted, although Zamora raises these challenges under the rubric of ineffective assistance of counsel, he makes no claim regarding how counsel breached a duty or how this breach prejudiced him; we deem the arguments waived. *See* Iowa R. App. P. 6.903(2)(g)(3). In any event, the postconviction-relief court accurately disposed of the jury-instruction challenges in its orders, and we affirm the court's rulings on these issues.

assaulted in the furtherance of the robbery." Counsel had no duty to object to the robbery marshalling instruction, and we affirm on this issue.

*B.      Trial Information*

Zamora claims trial counsel was ineffective in failing to challenge the trial information because although it was "sufficient to provide notice of a charge of first degree robbery of Ofelia Zepeda, . . . it d[id] not provide notice as to the other alleged victims," J.Z., G.Z., and B.Z. The trial information provided:

> Count II: Robbery in the First Degree committed as follows: The said Joel Zamora on or about August 5, 2013, in the County of Johnson, State of Iowa, did with the intent to commit a theft, commits an assault upon another with a dangerous weapon, to-wit: Defendant and another entered a residence and pointed a gun at a female subject demanding money. Defendant then pointed the gun at her children and she told him where to get the money. Defendant and his companion then took money and her phone and left, further threatening her in violation of Section(2) 711.1 & 711.2 of the Code of Iowa.

The minutes of testimony further included the names of the victims and the location of the robbery.[3] *Cf. State v. Dalton*, 674 N.W.2d 111, 120 (Iowa 2004) (noting the trial information and minutes of testimony are read together to apprise the defendant of the crime charged). This was sufficient notice "to alert [Zamora] generally to the source and nature of the evidence against him." *State v. Lord*, 341 N.W.2d 741, 742 (Iowa 1983) (citation omitted); *State v. Grice*, 515 N.W.2d 20, 23 (Iowa 1994) ("The purpose of an indictment or trial information is to apprise the defendant of the crime charged so that the defendant may have the opportunity

---

[3] In his trial-information argument, Zamora challenges counsel's failure to object to the burglary jury instruction "on the ground that the information had not adequately appraised Zamora of these charges" because the instruction specified the burglary occurred at 4494 Taft Avenue. But the minutes of testimony provided 4494 Taft Avenue as the location of the burglary. This claim is without merit.

to prepare a defense."). Accordingly, counsel had no duty to object to the trial information.

      *C.    Denial of Counsel*

Zamora also argues "he was constructively denied counsel" during a critical stage of his trial—the jury instruction process. He cites to *Woods v. Donald*, 135 S. Ct. 1372, 1375-76 (2015), and *Bell v. Cone*, 535 U.S. 685, 695 (2002), to support his contention that "courts may presume that a defendant has suffered unconstitutional prejudice if he 'is denied counsel at a critical stage of his trial.'" *Woods*, 135 S. Ct. at 1375-76 (citation omitted). Such structural error occurs when:

> (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011); *cf. Bell*, 535 U.S. at 696 (citing *United States v. Cronic*, 466 U.S. 648, 659 (1984)).

This is not one of those situations. There is no dispute Zamora was represented "throughout the case" by Bruzek, who also had assistance at trial from attorney Thomas Diehl. Indeed, Bruzek testified at the postconviction hearing that he raised an issue in a motion for new trial regarding the jury instructions "at the time it was discovered," "when the verdicts came back [and] we saw that the jury actually had to write in on the forms." The postconviction court found "the evidence of [Zamora's] guilt was very strong," "this was a difficult case to defend," and "he received a fair trial represented by competent attorneys." Under these facts and

circumstances, we do not find counsel was "completely denied, actually or constructively, at a crucial stage of the proceeding." *See id.* We affirm on this issue.

Having addressed those claims properly before us on appeal, we affirm.

**AFFIRMED.**