# IN THE COURT OF APPEALS OF IOWA

No. 17-1908
Filed March 20, 2019


**JEAN BELOVED,**
       Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
       Respondent-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Arthur E. Gamble,

Judge.


An applicant appeals the dismissal of his application for postconviction

relief. **AFFIRMED.**


Gary Dickey of Dickey & Campbell Law Firm, PLC, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee State.


Considered by Vogel, C.J., Vaitheswaran, J., and Mahan, S.J.*  Gamble,

S.J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MAHAN, Senior Judge.**

Jean Beloved was convicted of two counts of second-degree sexual abuse, in violation of Iowa Code sections 709.1 and 709.3(2) (2011), for his sexual contact with a child under the age of twelve over the course of two years. This court affirmed his convictions on direct appeal. *See State v. Beloved*, No. 14-1796, 2015 WL 8390222, at *1 (Iowa Ct. App. Dec. 9, 2015). Beloved then filed an application for postconviction relief (PCR) raising twenty-three claims of ineffective assistance. The PCR court dismissed Beloved's application, and Beloved now appeals the PCR court's dismissal of several of his ineffective-assistance claims relating to his trial counsel.

## I. Scope and Standard of Review

Although PCR dismissals are generally reviewed for correction of legal error, we review ineffective-assistance claims de novo due to their constitutional nature. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

> To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice. Both elements must be proven by a preponderance of the evidence. However, both elements do not always need to be addressed. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently.

*Id.* at 142 (citations omitted). We will conclude counsel provided ineffective assistance when an applicant demonstrates by a preponderance of the evidence that counsel failed to perform an essential duty. *See State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015). To do so, the applicant must demonstrate counsel's performance fell "below the standard demanded of a 'reasonably competent attorney.'" *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (citation

omitted). We presume counsel performed competently and "proceed to an individualized fact-based analysis" to either confirm or reject this presumption. *See id.* "[I]neffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment." *Id.* (citation omitted). "Improvident trial strategy, miscalculated tactics or mistakes in judgment do not necessarily amount to ineffective counsel." *Kane v. State*, 436 N.W.2d 624, 627 (Iowa 1989). "When counsel makes a reasonable tactical decision, this court will not engage in second-guessing." *Lamasters*, 821 N.W.2d at 856 (citation omitted). To establish the level of prejudice warranting relief, the applicant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thorndike*, 860 N.W.2d at 320 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

We first note Beloved quarrels with the district court's refusal to apply "a less deferential standard" of prejudice under the Iowa Constitution than that provided for under the federal ineffective-assistance framework. However, our courts have long followed the federal framework, including its prejudice standard,[1] when considering ineffective-assistance claims under both the federal and state constitutions. *See, e.g.*, *King v. State*, 797 N.W.2d 565, 574–76, 576 n.3 (Iowa 2013) (determining PCR applicant's claim did not entitle him to relief because he failed to meet the federal standard for prejudice and reaching that "result under the Sixth Amendment of the United States Constitution and independently under

---

[1] This standard of prejudice is referred to as *Strickland* prejudice.

article I, section 10 of the Iowa Constitution"); *see also Brown v. State*, No. 17-0030, 2018 WL 4922941, at *1 (Iowa Ct. App. Oct. 10, 2018) (concluding ineffective-assistance claims asserting violations under the state constitution are reviewed using the same standard as the federal standard). It was not for the PCR court to complete an independent and more lenient ineffective-assistance analysis than that already established by our supreme court. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) (noting the district court properly followed supreme court precedent and noting the supreme court should be the court to diverge from established principles). Likewise, it is also not for this court to diverge from the supreme court precedent, and we will apply *Strickland* prejudice to Beloved's claims. *See id.* (noting it is proper for this court to apply precedent and leave any change to the supreme court); *King*, 797 N.W.2d at 574–76, 576 n.3 (applying *Strickland* prejudice to state constitutional claim).

## II. Analysis

### A. Variance Between Trial Information and Jury Instructions

We now consider the substance of Beloved's ineffective-assistance claims. Beloved first takes issue with his trial counsel's failure to address inconsistences between the trial information and the jury instructions. The State charged Beloved with four counts of sexual abuse.[2] In the trial information, count II alleged Beloved committed sexual abuse when he "used his hands to touch [the child]'s vaginal area and his mouth to touch her breasts," and count IV alleged he committed sexual abuse when he "used his penis to touch her vaginal area." By the end of

---

[2] The State dismissed one count, and the jury found Beloved guilty on two of the three counts submitted.

trial, the court, the attorneys, and the jury instructions transposed count II and count IV. Beloved argues counsel was ineffective in failing to alert the court to this error. He makes two specific claims; first, he claims he received ineffective assistance when counsel motioned for judgment of acquittal on count II and cited to facts relevant to count IV of the trial information (contact between Beloved's penis and the child's vaginal area), which was presented as count II in the jury instructions. Had counsel brought the differing numbering of the counts between the trial information and jury instructions to the court's attention by referring to count IV instead of count II in the motion, the court simply would have relabeled the instructions and proceeded.[3] Assuming counsel breached an essential duty, Beloved's claim fails because he cannot establish *Strickland* prejudice—the outcome of the proceeding would have remained the same absent the breach, Beloved would have been convicted on two counts of sexual abuse.

Beloved also claims counsel's failure to object to the inconsistent numbering of the counts resulted in a fatal variance between the trial information and count IV as presented at trial. A fatal variance occurs when the State specifies a manner of committing the charged offense in the trial information but presents evidence of a different manner of committing the charged offense at trial. *See State v. Grice*, 515 N.W.2d 20, 22–23 (Iowa 1994). The State is required to prove an offense at trial in the same manner specified in the charging instrument so that the defendant receives fair notice of the charge, may prepare a defense, and is not misled by the charging instrument. *See id.* at 22.

---

[3] Furthermore, the jury found Beloved not guilty for the conduct cited in the motion for judgment of acquittal, presented as count II in the jury instructions.

Beloved contends because count II and count IV of the trial information provided differing manners of committing sexual abuse, a fatal variance occurred when the court transposed them in the jury instructions. The PCR court aptly described this argument as placing "form over substance." Contrary to Beloved's assertions, he was apprised of the claims against him and the various manners the State claimed he committed sexual abuse. Beloved was not robbed of that information simply because the counts were renumbered. In essence, the purpose of prohibiting fatal variances would not be satisfied in the present case because Beloved knew of the specific claims and could prepare a defense. *See id.* Even if counsel failed to perform an essential duty by not alerting the trial court to the change in numbering or alleging a fatal variance occurred, Beloved cannot demonstrate prejudice because had counsel brought the error to the court's attention, it would have numbered the counts to match the trial information and the jury would still find Beloved guilty of two counts, count I and count II instead of count I and count IV, based on the same evidence.

In his reply and pro se briefs, Beloved notes in addition to transposing counts II and IV, the jury instructions also omitted certain details found in the trial information. Specifically, count II of the trial information alleged the sexual abuse occurred "in a parking lot in the back seat of [Beloved's] vehicle where he used his hands to touch [the child]'s vaginal area and his mouth to her breasts." When this manner of conduct was presented to the jury as count IV, the instruction made no mention of it occurring in a vehicle. Additionally, the prosecutor referred to the same conduct in closing arguments but stated it occurred while playing hide and seek. Beloved suggests this change amounts to a fatal variance in itself. However,

only the material facts, those required to obtain conviction, must be consistent. *Cf. State v. Brown*, 400 N.W.2d 74, 76–77 (Iowa Ct. App. 1986). The location where the sexual abuse occurred is not a material fact because its determination is not an element required to obtain a conviction. *See* Iowa Code § 709.1. Trial counsel had no duty to alert the court to the change in the State's claim of where the abuse occurred.

### B. Failure to Impeach Witness

In his next claim of error, Beloved alleges trial counsel was ineffective for failing to impeach a key witness, Quvadis Marshall, with prior convictions. Marshall provided damning testimony against Beloved. He testified that Beloved approached him as he worked at the International House of Prayer in Kansas City, Missouri. He noted he had no prior connection to Beloved or the victim. He stated Beloved confided in him, telling Marshall "he was being accused of inappropriate acts with a girl who was eight or nine years old at the time . . . and [he] did it." Beloved reasons had Marshall's credibility been attacked, then his chances of convictions would have been greatly reduced. Iowa Rule of Evidence 5.609(a) permits a witness's character for truthfulness be impeached by prior convictions "punishable by death or by imprisonment for more than one year."

At deposition, Beloved's trial attorney explained his reasoning for failing to impeach Marshall with the prior convictions. He reasoned the jury would react unfavorably to him if he attacked the credibility of an otherwise uninterested party. Counsel was also concerned the State would rehabilitate Marshall by pointing to Marshall's past experiences with the legal system to emphasize Marshall's appreciation of the potential ramifications of his testimony implicating Beloved.

Counsel specifically concluded, "[I]t would have hurt the jury's view of me and Mr. Beloved more than helped and the potential of rehabilitation would have harmed us more."

Beloved cannot demonstrate his trial counsel breached an essential duty because counsel's decision not to impeach Marshall with prior convictions was a reasonable trial strategy. *See Lamasters*, 821 N.W.2d at 866 ("Improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance of counsel." (citation omitted)); *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010) ("In determining whether an attorney failed in performance of an essential duty, we avoid second-guessing reasonable trial strategy."); *Kane*, 436 N.W.2d at 627. The State was already able to show Marshall had no motivation to lie about Beloved's confession. Had the State been able to rehabilitate Marshall following his impeachment, the State would have also been able to drive home that Marshall had a special appreciation for the potential consequences of his testimony due to his past incarceration. This would signify to the jury that Marshall did not flippantly provide testimony and permit the jury to place even greater weight on it.

Even presuming counsel breached a duty, Beloved cannot demonstrate prejudice. Had counsel impeached Marshall with prior convictions, it is unlikely the jury would not credit his testimony. Marshall was not connected to any of the parties, he lived in another state, he called law enforcement to report Beloved following their only conversation, and he received no benefit from testifying. Simply put, Marshall had no motivation to involve himself or provide false testimony. Any impeachment from prior convictions would not change the jury's

perception of Marshall's motivation. *Cf. Davis v. Alaska*, 415 U.S. 308, 316 (1974) (noting the purpose of cross-examination is to ferret out a witness's motivation in testifying). As a result, it is unlikely the jury would not credit his testimony had it learned of his past offenses, which were at least nine years old, and the outcome of the trial would remain unchanged.

*C. Vouching for Witness*

Next, Beloved alleges an expert witness improperly vouched for the child's credibility and counsel was ineffective for failing to object. Beloved brought a similar ineffective-assistance claim on direct appeal challenging another portion of the expert witness's testimony as vouching testimony, which this court rejected. *See Beloved*, 2015 WL 8390222, at *4–5. An expert witness may not vouch, directly or indirectly, for another witness's credibility. *See State v. Brown*, 856 N.W.2d 685, 689 (Iowa 2014). As we previously stated in Beloved's direct appeal:

> Although we are committed to the liberal view on the admission of psychological evidence, we continue to hold expert testimony is not admissible merely to bolster credibility. Our system of justice vests the jury with the function of evaluating a witness's credibility. The reason for not allowing this testimony is that a witness's credibility is not a fact in issue subject to expert opinion. Such opinions not only replace the jury's function in determining credibility, but the jury can employ this type of testimony as a direct comment on the defendant's guilt or innocence. Moreover, when an expert comments, directly or indirectly, on a witness's credibility, the expert is giving his or her scientific certainty stamp of approval on the testimony even though an expert cannot accurately opine when a witness is telling the truth. In our system of justice, it is the jury's function to determine the credibility of a witness.

*Beloved*, 2015 WL 8390222, at *5 (quoting *Brown*, 856 N.W.2d at 689).

Beloved now challenges the following testimony from forensic interviewer, Tammera Bibbins, as vouching testimony:

[Prosecutor] Q. Do you ever form an opinion on about the maturity of a child?  [Bibbins] A. I'm not quite sure what you mean by your question.

Q. If I were to ask you do you think [the child] was a mature—I think she would have been ten when you interviewed her—she would have been nine when you interviewed her?  A. Yes, nine.

Q. Did you find her to be a mature nine-year old?  A. I would agree with that.

Beloved asserts, "The prosecutor's questions about [the child]'s 'mature' demeanor was nothing more than a backdoor way of inviting Bibbins to vouch for [the child]'s truthfulness."  Assuming, without deciding, Bibbins's testimony indirectly vouched for the child's credibility, we conclude reversal is not required because Beloved cannot demonstrate the alleged breach resulted in prejudice. *See Lamasters*, 821 N.W.2d at 866 ("Even if [the applicant] can show his counsel made a professionally unreasonable error, the judgment shall not be set aside unless it can be shown the error had an effect on the judgment.").  Contrary to Beloved's assertions, this case cannot be described fairly as a weak, "he-said/she-said case."  This characterization ignores Beloved's confession to Marshall, a previously unknown party without any interest in the case.  The child's testimony, absent any vouching from Bibbins, coupled with Marshall's testimony amounted to compelling evidence a jury was likely to believe.  As a result, we conclude Beloved was not prejudiced and our faith in the outcome is not undermined.  *See Huffman v. State*, No. 16-2035, 2018 WL 2727711, at *1 (Iowa Ct. App. June 6, 2018) (noting an applicant must still demonstrate prejudice when alleging ineffective assistance for counsel's failure to object to expert vouching testimony).

*D. Beloved's Presence During Expert's Deposition*

Next, Beloved claims counsel provided ineffective assistance when counsel failed to continue Bibbins's deposition until he could be present. Beloved had moved to New York prior to trial to be closer to his family. As a result, returning to Iowa for trial proceedings presented a challenge to Beloved. He requested he not be required to attend Bibbins's deposition, signed a waiver of his presence written out by counsel, and discussed the waiver with counsel. On PCR, Beloved asserts his waiver was not knowing, intelligent, and voluntary, and he argues his presence was required during the deposition and counsel was ineffective in not insisting on it.

Iowa Rule of Criminal Procedure 2.27(1) states: "In felony cases the defendant . . . shall be personally present at every stage of the trial . . . except as otherwise provided by this rule." Defendants also have a constitutional right "to be present for all critical phases of the [criminal] proceedings." *See State v. Rogerson*, 855 N.W.2d 495, 505 (Iowa 2014). Beloved asserts rule 2.27(1) and his constitutional right to be present during critical phases of the proceeding required his presence during deposition. However, we previously determined counsel does not fail to perform an essential duty when taking "discovery depositions not taken for use at trial" in a defendant's absence because it does not amount to a "stage of trial." *See Van Hoff v. State*, 447 N.W.2d 665, 674–75 (Iowa Ct. App. 1989). Beloved does not assert the deposition was taken for use at trial, and we necessarily conclude counsel did not fail to perform an essential duty in completing the deposition in his absence. *See id.* We also conclude Beloved's waiver, to any extent it was necessary, was knowing, intelligent, and voluntary.

*See State v. Turner*, 345 N.W.2d 552, 559–60 (Iowa Ct. App. 1983) (noting waiver of constitutional right implicated when depositions are taken for use at trial and outside of a defendant's presence must be knowing, intelligent, and voluntary).

We also note Beloved does not identify any resulting prejudice from the alleged breach, and we can identify none. Bibbins served as an expert witness on child sexual abuse, not as a fact witness. Beloved does not indicate he could have assisted counsel in deposing Bibbins. Further, had counsel refused to depose Bibbins without Beloved's presence, counsel likely would not have deposed Bibbins at all due to Beloved's resistance to return to Iowa throughout the proceedings. This would have compromised counsel's ability to prepare for trial and been to Beloved's detriment.

*E. Counsel's Failure to Consult Experts Regarding Sexual-Abuse Allegations*

Beloved next claims he received ineffective assistance of counsel because counsel did not consult with an expert regarding sexual-abuse allegations to mount a defense or to adequately prepare for cross examination of State expert Bibbins. Assuming, without deciding, counsel breached a duty in failing to consult an expert, we conclude Beloved's claim fails because he cannot demonstrate prejudice. Beloved provides no specific examples of what evidence he would have presented at trial or how counsel's cross examination of Bibbins would have differed had counsel consulted an expert. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) ("The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome."). We note the PCR court authorized state funds be used

for Beloved to retain an expert so that he could provide such information. However, Beloved failed to provide any testimony from an expert or provide a report from an expert indicating what information counsel should have considered when preparing a defense or for cross examination. Without such information Beloved cannot demonstrate how the outcome of the trial would have differed, and our faith in the outcome of the proceedings not disturbed.

*F. Testimony Indicating Beloved Refused Questioning*

Beloved next alleges his trial counsel was ineffective for failing to object to testimony from the investigating officer, which indicated the officer made attempts to interview Beloved during the investigation but Beloved refused the interviews. According to Beloved, this testimony amounted to an impermissible comment on his constitutional right to remain silent. Relying on *Combs v. Coyle*, 205 F.3d 269, 285 (6th Cir. 2000), the PCR court found counsel breached an essential duty for failing to object to the officer's testimony about his failed attempts to interview Beloved.

Assuming the PCR court's conclusion is correct, we conclude Beloved is not entitled to relief because he cannot demonstrate prejudice from the claimed breach. *See State v. McCalley*, No. 05-2136, 2006 WL 3019293, at *2 (Iowa Ct. App. Oct. 25, 2006) (finding no prejudice when counsel failed to object to testimony that suggested the defendant's pre-arrest silence implicated guilt when there was ample evidence of the defendant's guilt). Beloved provided a confession to Marshall, which Marshall recounted at trial, and the child provided testimony regarding the abuse. In light of this evidence, it is unlikely a passing testimony about an officer's difficulty interviewing Beloved impacted the proceedings. *See*

*Strickland*, 466 U.S. at 694 ("The defendant show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Our failure to identify any resulting prejudice is supported by the jury's verdict. The jury acquitted Beloved of one of the counts of sexual abuse, indicating the jury applied the evidence to the corresponding jury instructions and reached individualized conclusions without consideration of any general inference of guilt from the officer's testimony. As a result, Beloved is not entitled to relief.

### G. Cumulative Impact of Alleged Errors

Beloved asserts even if any individual alleged breach is insufficient to demonstrate prejudice, their cumulative impact on the proceeding is sufficient to undermine the outcome of the proceeding. *See State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012). He acknowledges the PCR court did not consider the cumulative impact of the alleged breaches, as a result the claim is not properly before this court, and we do not consider it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

### H. Pro Se Claims

Beloved also asserts several pro se claims, most reiterate those briefed by appellate counsel. Additionally, he claims several trial errors resulted in structural error. Beloved never asserted a structural-error claim in the PCR court, rather he claimed ineffective assistance of counsel resulted in *Strickland* prejudice. As with

his cumulative-error claim, his structural-error claims are not properly before this court, and we do not consider them. *See id.*

### III. Conclusion

In conclusion, Beloved is not entitled to relief on any of his claims of ineffective assistance of counsel. His claims of cumulative prejudice and structural error are not properly before this court for consideration. We affirm the ruling of the PCR court.

**AFFIRMED.**