# IN THE COURT OF APPEALS OF IOWA

No. 18-2134
Filed February 5, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RONALD SKYLAR STEENHOEK,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Boone County, Stephen A. Owen, District Associate Judge.

Ronald Steenhoek appeals his conviction for assault causing bodily injury. **AFFIRMED.**

Joel Baxter of Wild, Baxter & Sand, P.C., Guthrie Center, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

Ronald Steenhoek entered a written plea of guilty to the charge of assault causing bodily injury.  Pursuant to a plea agreement, the State dismissed an additional charge of first-degree burglary.  Steenhoek appeals, claiming trial counsel was ineffective in failing to file a motion to dismiss the trial information because it did not give adequate notice concerning the burglary charge and in failing to take depositions.[1]  He also contends the district court should have altered his cash-only bond.

We review ineffective-assistance-of-counsel claims de novo.  *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012)

> To prevail on a claim of ineffective assistance of counsel, a claimant must satisfy the *Strickland* test by showing (1) counsel failed to perform an essential duty; and (2) prejudice resulted."[2]  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* (internal quotation marks and citations omitted).

Here, because the minutes of testimony provide adequate notice that Steenhoek's presence in the residence was without the occupant's permission,[3]

---

[1] The Iowa legislature amended Iowa Code sections 814.6 and 814.7 effective July 1, 2019, limiting direct appeals from guilty pleas and eliminating direct-appeal ineffective-assistance-of-counsel claims.  2019 Iowa Acts ch. 140, §§ 28, 31 (codified at Iowa Code §§ 814.6–.7).  The amendments "apply only prospectively and do not apply to cases pending on July 1, 2019," and therefore do not apply in this case.  *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).  Because Steenhoek's appeal was pending before July 1, 2019, he may raise an ineffective-assistance-of-counsel claim on direct appeal.  *See State v. Trane*, 934 N.W.2d 447, 464–65 (Iowa 2019).  We may find the record is adequate to decide the claim, or we may preserve it for determination under chapter 822.  *Id.* at 465.

[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[3] The minutes of testimony specifically include that the occupant "will testify that [Steenhoek] did not have permission to enter the home."

there was sufficient notice "to alert [Steenhoek] generally to the source and nature of the evidence against him." *State v. Lord*, 341 N.W.2d 741, 742 (Iowa 1983) (citation omitted). Therefore, any motion to dismiss the trial information would have been without merit.[4] *See State v. Grice*, 515 N.W.2d 20, 22 (Iowa 1994) ("The purpose of an indictment or information is to apprise the defendant of the crime charged so that the defendant may have the opportunity to prepare a defense."). Because counsel had no duty to make a meritless claim, this ineffective-assistance-of-counsel claim fails. *See State v. Carroll*, 767 N.W.2d 638, 645 (Iowa 2009) (stating "counsel has no duty to pursue a meritless issue").

The record before us in inadequate to consider Steenhoek's claim concerning counsel's failure to take depositions.[5] We therefore preserve the claim for possible postconviction relief. *See id.* at 646.

**AFFIRMED.**

---

[4] This ruling eliminates the basis for Steenhoek's claim that the district court abused its discretion in failing to change his bond, which he contends was based on the faulty burglary charge. We do not address that issue further.

[5] The record shows that his trial counsel had depositions scheduled but then was allowed to withdraw. When new counsel was appointed, Steenhoek entered a written plea of guilty. We are not at all sure of which attorney's actions Steenhoek complains.